UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BANKERS INSURANCE COMPANY | * | CIVIL ACTION NO. |
| Plaintiff | * | |
| | * | JUDGE: |
| VERSUS | * | |
| | * | |
| LARRY'S HARDWARE, INC. | * | MAGISTRATE: |
| Defendant | * | |

* * * * * * * * * * * * * * * * * * * *

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, Bankers Insurance Company ("Bankers"), by and through its undersigned counsel, and submits this Complaint for Declaratory Judgment against the Defendant, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201, to seek resolution of the duties, obligations and coverages, if any, owed to its insured under its policies of insurance issued to Larry's Hardware, Inc, ("Larry's") and in support thereof, Plaintiff would respectfully show unto this Honorable Court the following:

### PARTIES AND JURISDICTION

1. Bankers is Florida corporation with its principal place of business in St. Petersburg, Florida.

2. Defendant Larry's is a Louisiana company with its principal place of business in Covington, Louisiana. It may be served by serving its registered agent for service of process, Vincent F. Wynne, Jr. 410 N. Jefferson Ave., Covington, LA 70433.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction of this matter pursuant to 28 U.S.C. §1332(a) because there is complete diversity of citizenship between the Plaintiff and the Defendant, and the amount in controversy exceeds the sum or value of Seventy-Five Thousand and No/100 Dollars ($75,000.00), exclusive of interest and costs.[1]

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(a) because the policy was issued to the insured located in this district and the underlying dispute giving rise to this action occurred in this district.

## FACTUAL BACKGROUND

5. Between June 1, 2010 and June 1, 2024, Larry's was an the insured under a policy of Insurance, No. 17 0004916950 2 13 issued by Bankers.[2]

6. On or about April 12, 2024, Larry's was named as a defendant in a civil action entitled *Larry Reed v. Taylor-Seidenbach, Inc.* pending before the Civil District Court for the Parish of Orleans, hereinafter referred to as "the underlying lawsuit".[3]

7. In the underlying lawsuit, petitioner, Larry Reed, claims adverse health effects from exposure to asbestos-containing materials ("ACMs") for which Larrys, as well as twenty-nine other named defendants, were allegedly responsible as they were allegedly distributors, contractors, manufacturers, sellers, users and suppliers of ACMs.[4]

8. Upon information and belief, asbestos claims such as the ones asserted in the

---

[1] In a declaratory judgment action involving the applicability of insurance coverage, the jurisdictional amount in controversy is properly measured by the value of the underlying claim. *Hartford Ins. Grp. v. Lou-Con Inc.,* 293 F.3d 908, 911 (5th Cir. 2002).
[2] See copy of first policy issued to Larry's by Bankers with a coverage period of June 1, 2010 through June 1, 2011 attached as Exhibit "A" and copy of most recent issued Bankers policy with a coverage period of June 1, 2023 through June 1, 2024 attached as exhibit "B"
[3] The underlying lawsuit is attached as Exhibit "C".
[4] Exhibit C paragraphs 17, 18, 19.

underlying action involve amounts in controversy which exceed $75,000.00.

## THE COVERAGE DISPUTE

9. All policies issued by Bankers to Larry's included Endorsement No. BGL99.300 0395 which states:

## EXCLUSION - ASBESTOS ABSOLUTE

It is understood and agreed that this policy shall not apply to any liability for bodily injury, personal injury or property damage arising out of:

1. The use of asbestos in constructing or manufacturing any good, product or structure.
2. The removal of asbestos from any good product or structure.
3. The manufacture, transportation, storage or disposal of asbestos or goods or products containing asbestos;
4. Inhaling, ingesting or prolonged physical exposure to asbestos or goods or products containing asbestos.

The coverage afforded by this policy does not apply to payment for the investigation or defense of any loss injury or damage or any cost, fine or penalty or for any expense or claim or suit related to any of the above.

All other terms and conditions of this policy remain unchanged.

10. The damages alleged in the underlying petition arise out of activities excluded by the Bankers policy including but not limited to the use, removal, manufacture, inhaling, ingesting and/or exposure to asbestos.

11. Larry's has sought coverage under the Bankers policies for the claims against it in the underlying action.

12. Thus, a genuine case or controversy exists between Plaintiff and Defendant as to the applicability of the Bankers to the claims against Larry's.

13. Furthermore, the policy contains additional terms, exclusions and limitations which may also preclude coverage.

14. Bankers has reserved rights to disclaim coverage under the provisions of its policies.

15. Because the parties dispute whether the policy applies to the claims asserted by the plaintiff in the underlying lawsuit, a present controversy exists between plaintiff and defendant herein in an amount exceeding the jurisdictional threshold of this court.

16. Bankers is entitled to a Judgment of this Court declaring that its policies exclude coverage for the claims asserted in the underlying lawsuit and that Bankers has no obligation to defend or indemnify Larry's against the claims asserted in the underlying lawsuit against Larry's.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Bankers prays that this Court issue a Declaratory Judgment in this matter declaring:

a. That the Bankers Policy does not apply to the claims asserted in the underlying action against Larry's;

b. That Bankers has no duty to defend or indemnify Larry's against the claims asserted in the underlying lawsuit;

c. Awarding all costs Bankers incurs to prosecute this action; and

d. Awarding Bankers such other and additional relief in this action to which the facts and the law show it is entitled.

Respectfully submitted,

                                              */s/ John C. Henry*
                                              **MATTHEW D. MONSON (25186)**
                                              **JOHN C. HENRY (18948)**
                                              **RACHEL L. FLARITY (33131)**
                                              **JOHN D. MINEO, IV (36587)**
                                              **ERIN BERGGREN (37551)**
                                              **LAUREN A. LAM (37758)**
                                              **KYLE C. MATTHIAS (38338)**
                                              **ROWAN W. STOEHR (39061)**
                                              **AUSTIN T. WELCH (40100)**
                                              **THE MONSON LAW FIRM, LLC**
                                              5 Sanctuary Boulevard, Suite 101
                                              Mandeville, Louisiana 70471
                                              Telephone:   (985) 778-0678
                                              Facsimile:    (985) 778-0682
                                              ***Counsel for Defendant,***
                                              ***Atain Specialty Insurance Company***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 29, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to CM/ECF participating parties. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the non-CM/ECF participating parties.

                                              */s/ John C. Henry*